UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COTTLE, an individual, and VALLEY FRESH PRODUCE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTERN SKYWAYS INC., and DOES 1–25, Inclusive,<br><br>Defendants. | No. 1:17-cv-00049-DAD-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 6) |

This matter is before the court on March 7, 2017, for hearing on defendant's motion to dismiss filed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. No. 6.) Attorney Michael Marderosian appeared on behalf of plaintiffs John Cottle and Valley Fresh Produce, Inc., and attorney John Hanson appeared on behalf of defendant Western Skyways, Inc. Oral argument was heard and the motion was taken under submission. For the reasons stated below, defendant's motion to dismiss will be granted.

## FACTUAL BACKGROUND

On January 11, 2017, plaintiffs John Cottle and Valley Fresh Produce, Inc. ("Valley Fresh") commenced this action against defendants Western Skyways Inc. ("Western") and Does 1–10. (Doc. No. 2.) Plaintiffs are citizens of California, while defendant Western Skyways Inc. is a citizen of Colorado. (*Id.* at 2.) In their complaint, plaintiffs raise the following five causes of

action brought under state law: (i) breach of contract; (ii) breach of express warranty; (iii) strict liability; (iv) negligence; and (v) negligence per se. (Doc. No. 2 at 4–8.) Plaintiffs seek relief consisting of economic and non-economic damages, prejudgment interest, and costs. (*Id.* at 7–8.) In their complaint, plaintiffs allege the following facts.

In February of 2016, plaintiffs contacted defendant Western regarding work to be performed on a Cessna T-210, N111VF ("Aircraft"). (*Id.* at 2, ¶¶ 8, 11–14.) Defendant Western agreed to manufacture and install a new engine system in the Aircraft, a "Turbo-normalizing" system. (*Id.* at 2, ¶ 9.) As part of this retrofit, defendant Western also agreed to install, overhaul, or modify a number of other Aircraft components. (*Id.* at 2, ¶ 10.) After entering into the contract, plaintiffs delivered the Aircraft to defendant Western's facilities in Montrose, Colorado. (*Id.* at 3, ¶ 14.)

Defendant Western initially estimated the mechanical work on the retrofit would be completed in four to six weeks. (*Id.* at 3, ¶ 14.) However, the work was not completed until August 13, 2016. (*Id.* at 3, ¶ 17.) Defendant represented to plaintiffs that the delay was caused by the unavailability of certain parts and difficulties encountered during the test flight aspect of the installation. (*Id.* at 3, ¶ 18.)

After finishing its mechanical work, defendant Western delivered the Aircraft to plaintiffs in Fresno, California. (*Id.* at 3, ¶¶ 17–18.) However, defendant failed to provide, or significantly delayed in providing, paperwork concerning work performed on the Aircraft. (*Id.* at 4, ¶ 19.) Various defects were also revealed when the Aircraft was inspected upon delivery, including defects in the newly-installed engine. (*Id.* at 3–4, ¶ 18.) The Aircraft was deemed unsafe for flight and was grounded. (*Id.* at 4, ¶ 20.) Plaintiffs allege that, as a result of defendant's actions, they incurred substantial economic and non-economic damages. (*Id.* at 6, ¶¶ 37–38.)

On February 2, 2017, defendant Western filed a motion to dismiss plaintiffs' complaint in its entirety. (Doc. No. 6.) On February 21, 2017, plaintiffs filed their opposition, as well as a request for judicial notice. (Doc. Nos. 8–9.) Defendant filed its reply on February 28, 2017. (Doc. No. 10.)

/////

2

LEGAL STANDARDS

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action for lack of personal jurisdiction. In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the burden of proof to show that jurisdiction is appropriate lies with the plaintiffs. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015); *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010); *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). When a defendant's motion to dismiss is to be decided on the pleadings, affidavits, and discovery materials, the plaintiffs need only make a prima facie showing that personal jurisdiction exists in order for the action to proceed. *See Picot*, 870 F.3d at 1211; *Love*, 611 F.3d at 608; *Boschetto*, 539 F.3d at 1015.

In determining whether plaintiffs have met their burden to show personal jurisdiction, the court accepts plaintiffs' allegations as true, and any conflicts between parties over statements contained in affidavits must be resolved in the plaintiffs' favor. *Love*, 611 F.3d at 608; *Boschetto*, 539 F.3d at 1015; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). However, plaintiffs "cannot simply rest on the bare allegations of its complaint." *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

If plaintiffs seek to invoke specific personal jurisdiction, they must establish jurisdiction for "each claim asserted against a defendant." *Picot*, 780 F.3d at 1211 (quoting *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004)). If personal jurisdiction exists over one claim, but not others, the district court may exercise pendent personal jurisdiction over any remaining claims that arise out of the same "common nucleus of operative facts" as the claim for which jurisdiction exists. *Id.*

ANALYSIS

**I.  Judicial Notice**

Plaintiffs request that the court take judicial notice of the original complaint filed in this action. (Doc. No. 9 at 1.) The court may take judicial notice of its own files and of documents filed in other courts. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). However, the court need not take judicial notice of prior filings submitted in the same

case. *See, e.g.*, *Ortega v. Univ. of the Pac.*, No. S–13–1426 KJM EFB, 2013 WL 6054447, at *3 (E.D. Cal. Nov. 15, 2013) (finding it unnecessary to take judicial notice of a complaint filed in the same case). Plaintiffs' request will therefore be denied.

## II. **Personal Jurisdiction**

Defendant moves to dismiss plaintiffs' complaint for lack of personal jurisdiction. "Where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993); *see also Yahoo! v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (same). "California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution." *Core-Vent Corp.*, 11 F.3d at 1484; *see also* Cal. Civ. Pro. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Love*, 611 F.3d at 608–09. Thus, only constitutional principles constrain the jurisdiction of a federal court in California. *Love*, 611 F.3d at 608–09; *Boschetto*, 539 F.3d at 1015; *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

Under the Fourteenth Amendment due process clause, courts may exercise personal jurisdiction over nonresident defendants only so long as there exist sufficient "minimum contacts" between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). Maintenance of the suit must "not offend traditional notions of fair play and substantial justice." *Yahoo!*, 433 F.3d at 1205 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Generally, there are two different types of personal jurisdiction which meet this due process standard: general jurisdiction and specific jurisdiction. *Burger King Corp. v. Rudzewicz*,

/////

/////

/////

4

471 U.S. 462, 473 n.15 (1985); *Picot*, 780 F.3d at 1211. Here, the parties dispute only the issue of specific jurisdiction.[1]

As the Ninth Circuit has recently stated,

> In order for a court to have specific jurisdiction over a defendant, "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, ___U.S. ___, ___, 134 S. Ct. 1115, 1121, 188 L.Ed.2d 12 (2014). The relationship between the defendant and the forum state "must arise out of contacts that the 'defendant [itself]' creates with the forum State." *Id.* at 1122 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985)). Additionally, the requisite "minimum contacts" must be "with the forum State itself, not . . . with persons who reside there." *Id*.

*Williams v. Yamaha Motor Co. Ltd.*, ___F.3d ___, ___, 2017 WL 1101095, at *4 (9th Cir. Mar. 24, 2017).

In determining whether a court has specific jurisdiction over a non-resident defendant, the following three-prong test is to be employed:

> (1) The non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which *arises out of* or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be *reasonable*.

*Picot*, 780 F.3d at 1211 (citing *Schwarzenegger*, 374 F.3d at 802) (emphasis added); *see also Williams*, 2017 WL 1101095, at *5.

The plaintiffs have the burden of establishing the first two of these prongs, and a "strong showing on one axis will permit a lesser showing on the other." *Yahoo!*, 433 F.3d at 1210; *see also CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011); *Menken v.*

---

[1] In its motion to dismiss, defendant Western argues it is not subject to either general or specific jurisdiction in this court. Plaintiffs' opposition to defendant's motion focuses solely on the existence of specific jurisdiction. (Doc. No. 8.) As such, the court will construe plaintiffs' opposition as disclaiming general jurisdiction. *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (declining to determine whether general jurisdiction existed because plaintiff argued only that specific jurisdiction existed); *Trinchitella v. Am. Realty Partners, LLC*, No. 2:15-cv-02365-KJM-EFB, 2016 WL 4041319, at *3 (E.D. Cal. July 27, 2016) (same).

*Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). If plaintiff meets this burden, the burden shifts to defendants to show that the exercise of jurisdiction would not be reasonable. *CollegeSource, Inc.*, 653 F.3d at 1076; *see also Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988).

In their motion to dismiss, defendant Western argues that this court lacks personal jurisdiction because all three elements of the specific jurisdiction test are not met. (Doc. No. 6 at 9–13.) Plaintiffs argue in their opposition that exercise of specific jurisdiction over defendant is appropriate. (Doc. No. 8 at 9.) The court will consider the parties' arguments below.

### a. <u>Purposeful Availment</u>

In the Ninth Circuit, the manner in which courts analyze the first prong of the specific jurisdiction test depends on the nature of the underlying claims. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007); *Schwarzenegger*, 374 F.3d at 802; *see also Peacock v. Willis*, No. CV F 06-432 AWI LJO, 2006 WL 3060134, at *6 (E.D. Cal. Oct. 27, 2006). In general, the purposeful availment standard applies to claims sounding in contract, while the purposeful direction standard applies to tort claims. *See Cook v. Geco, Inc.*, No. 1:16-cv-00514-DAD-EPG, 2016 WL 4524813, at *3 (E.D. Cal. Aug. 29, 2016); *see also Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) (quoting *Calder v. Jones*, 465 U.S. 783 (1984)). The Ninth Circuit has clarified that the purposeful direction test is only applicable to intentional torts, however. *Holland Am. Line Inc.*, 485 F.3d at 460 ("[I]t is well established that the [purposeful direction] test applies only to intentional torts, not to the breach of contract and negligence claims presented here"); *Dole*, 303 F.3d at 1111. *But see Alcabes v. Capella Hotel Grp. LLC*, No. CV 14-7650 DMG (MRWx), 2015 WL 12697714, at *4 (C.D. Cal. July 8, 2015) ("As [plaintiff] alleges negligence against [defendant], the case sounds in tort and the purposeful direction analysis applies."); *Catibayan v. SyCip Gorres Velayo & Co.*, No. 3:13–cv–00273–HU, 2013 WL 5536868, at *5 (D. Or. Oct. 7, 2013) (applying only the purposeful direction test even though complaint asserted claims for breach of fiduciary duty, fraud, and negligence).

Here, plaintiffs' complaint asserts contract and negligence claims. (Doc. No. 2.) The court will therefore apply the purposeful availment test. *See Holland Am. Line Inc.*, 485 F.3d at 460; *Sutcliffe v. Honeywell Int'l, Inc.*, No. CV–13–01029–PHX–PGR, 2015 WL 1442773, at *7

(D. Ariz. Mar. 30, 2015) ("Since the sole claim against the defendants is a negligence claim, a non-intentional tort, the Court will apply the purposeful availment standard.").

The purposeful availment requirement is satisfied if defendant "has performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001) (internal quotations omitted); *see also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997). A defendant, however, does not purposefully avail itself of the forum state simply by entering into contracts with residents of the forum. *See Boschetto*, 539 F.3d at 1017 (citing *Burger King Corp.*, 471 U.S. at 478); *Doe*, 248 F.3d at 924; *Fed. Deposit Ins. Corp. v. British-Am. Ins. Co., Ltd.*, 828 F.2d 1439, 1443 (9th Cir. 1987) ("It is clear that a contract alone is not sufficient to establish purposeful interjection into a forum state.").

Defendant Western argues that it did not purposefully avail itself of the privilege of conducting business in California, because plaintiffs' claims relate to a single contract for sale that did not create continuing commitments for defendant in California, or require defendant to perform substantial work within the state. (*Id.* at 11–12.)

On the other hand, plaintiffs contend that purposeful availment is satisfied because defendant Western: (i) "actively does business with California residents," (*Id.* at 10); (ii) maintains service centers in California, (*Id.*); (iii) markets to California residents through its website, (*Id.* at 11); (iv) had its employees correspond with plaintiffs, who were in California, prior to contracting with them, (*Id.* at 10–11); (v) delivered the Aircraft to California, (*Id.* at 11); and (vi) has previously submitted to the jurisdiction of federal courts in California in cases involving similar allegations, (*Id.* at 11). Plaintiffs submit the following evidence in support of their arguments: a screenshot of defendant Western's website, which provides testimonials from California customers and advertises service centers in a number of states, including California, (Doc. No. 8-1 at 4–35); a copy of the docket and court filings from *Pigeon v. W. Skyways, Inc.*, No. 3:14-CV-01813-JLS-KSC (S.D. Cal.), an action filed in the U.S. District Court for the Southern District of California in which defendant Western submitted itself to that court's jurisdiction, (*Id.* at 36–43, 47–108); and a Pacer printout listing approximately eighteen cases

7

brought in federal courts in Alaska, Florida, Missouri, and Texas between 1979 and the present, in which Western was named as a defendant and has, apparently, submitted itself to jurisdiction, (*Id.* at 45).[2]

As noted above, plaintiffs opposing a motion to dismiss on grounds of specific jurisdiction have the burden of demonstrating purposeful availment. *See Yahoo!*, 433 F.3d at 1210; *see also CollegeSource, Inc.*, 653 F.3d at 1076. The court will thus consider each of plaintiffs' asserted grounds for specific jurisdiction to determine whether they have met their burden.

Plaintiffs first argue that purposeful availment is satisfied because defendant conducts business with California residents and maintains service centers in California. However, prior contracts between defendant and California residents do not alone support purposeful availment. *See Cybersell, Inc.*, 130 F.3d at 420 (finding no purposeful availment when defendants marketed their products nationally online, but "did nothing to encourage people in [the forum state] to access its site, and there is no evidence that any part of its business . . . was sought or achieved in [the forum state]"); *Selhorst v. Alward Fisheries, LLC*, No. 11–cv–3266 EMC, 2011 WL 4974568, at \*4 (N.D. Cal. Oct. 19, 2011) ("[A]n individual's contract with an out-of-state party cannot alone automatically establish sufficient minimum contacts to support jurisdiction") (citing *Burger King Corp.*, 471 U.S. at 478); *cf. Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("From the available cases, we deduce that the requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.").

Plaintiffs' arguments that defendant purposefully availed itself of the forum by maintaining service centers in California are also unpersuasive. Beyond providing copies of

---

[2] The court takes judicial notice of the website pages submitted as exhibits by plaintiffs. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include . . . publicly accessible websites."); *see also Caldwell v. Caldwell*, No. 05–4166, 2006 WL 618511, at \*4 (N.D. Cal. Mar. 13, 2006). The court also takes judicial notice of the court filings in the *Pigeon* case and the Pacer printout from that case submitted by plaintiffs. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (finding "documents on file in federal or state courts" appropriate for judicial notice); *Intri-Plex Tech., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (finding "matters of public record" appropriate for judicial notice).

webpages from defendant's website that list California-based service centers, plaintiffs have provided no evidence that defendant owns, controls, or has any kind of economic relationship whatsoever with airplane service centers located in the forum. Moreover, in its motion to dismiss, defendant has provided evidence that its principle and only place of business is in Montrose, Colorado, (Doc. No. 6-2 at 1–2, ¶ 2, 4, 8–12); that all of its employees work in the Montrose, Colorado location, (*Id.* at 2, ¶ 9); that it does not own or contract the service centers located in California and referenced on its website, (Doc. No. 11 at 1–2)[3]; and that it has not contracted with any of the service centers located in California to provide services on its behalf, (*Id.*). Defendant's contracts with California residents, and the isolated references to airplane services centers located in California on its website, thus do not establish that defendant has engaged in affirmative conduct aimed at the forum sufficient to establish purposeful availment. *Doe*, 248 F.3d at 924.

Plaintiffs also contend that purposeful availment is satisfied because defendant Western operated a website that marketed its services to forum residents. Of course, "a mere web presence is insufficient to establish personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129 (9th Cir. 2010); *Holland Am. Line Inc.*, 485 F.3d at 460. Rather, the Ninth Circuit uses the "sliding scale" analysis to determine whether operation of a website constitutes purposeful availment of the benefits of doing business in the forum state absent other contacts with that forum. *See Cybersell, Inc.*, 130 F.3d at 418 (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)); *see also Boschetto*, 539 F.3d at 1018. Under this analysis, courts consider the "level of interactivity and commercial nature of the exchange of information that occurs on the Web site to determine if sufficient contacts exist to warrant the exercise of jurisdiction." *Cybersell, Inc.*, 130 F.3d at 418 (internal quotations omitted). Here, plaintiffs have presented evidence that defendant Western maintained a website

---

[3] At the hearing on the pending motion, counsel for defendant explained that because Western retrofits airplanes with the "Turbo-normalizing" engine system, it is important for its customers to know that there are service centers capable of servicing that engine system in their state, thus resulting in the listing of such service centers located in various states on defendant Western's website. (*See* Doc. No. 8-1 at 31–34.)

9

1 nationally advertising its products and services, which displayed testimonials from California
2 residents and allowed the online submission of inquiries. However, plaintiffs do not contend that
3 defendant "conducted actual commercial transactions through the website." *Amini Innovation*
4 *Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1104 (C.D. Cal. 2007). Indeed, defendant
5 Western has offered evidence that their website merely permits potential customers to request
6 information, and does not provide a platform for commercial transactions or allow other kinds of
7 online exchanges. (Doc. No. 10 at 5–6.)

8 In light of the passive nature of the defendant's website, the court concludes that
9 defendant's online activities are not a sufficient basis for subjecting defendant to jurisdiction in
10 California. *See Cybersell, Inc.*, 130 F.3d at 418 (explaining that a passive website that "does little
11 more than make information available to those who are interested in it" does not support specific
12 jurisdiction over operators); *Kurgan v. Neibauer*, No. 14–CV–1190–LAB–JMA, 2014 WL
13 3908633, at *6 (S.D. Cal. Aug. 11, 2014) (finding no purposeful availment where defendant's
14 website "allow[ed] for the buyer to email a seller," describing this as "no different from the
15 website just passively providing a seller's contact information"); *see also Shisler v. Sanfer Sports*
16 *Cars, Inc.*, 146 Cal. App. 4th 1254, 1260–61 (2006) (finding no purposeful availment when
17 defendant "merely advertised" items online without exchanging files or conducting business
18 through its website, and when there was no indication that defendant specifically targeted
19 residents of California); *cf. LiveCareer Ltd. v. Su Jia Tech. Ltd.*, No. 14–cv–03336–JST, 2015
20 WL 1448505, at *8 (N.D. Cal. Mar. 31, 2015) ("In addition, the websites evidently target U.S.
21 consumers, as they display U.S. customer testimonials, accept payment only in U.S. dollars,
22 include the U.S. as the default preset country, and provide U.S. toll-free customer service
23 numbers."); *Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1077 (C.D. Cal. 1999) (finding
24 purposeful availment where the defendant had "undertaken commercial activity on its website"
25 and "offered for sale and sold its products to California citizens via the Internet").

26 Plaintiffs also contend that their prior negotiations with defendant are sufficient to
27 demonstrate purposeful availment. Plaintiffs submit evidence that after plaintiff Cottle submitted
28 an online inquiry to defendant Western, the parties began negotiating a contract while plaintiff

was in California. (Doc. No. 8 at 10–11.) However, communication with a plaintiff in the forum state by mail, telephone, or by some other means, typically is not by itself sufficient to establish purposeful availment. *See Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) (citing *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)); *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980) ("[U]se of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protections of the [forum] state."); *Shisler*, 146 Cal. App. 4th at 1260–61 (finding no purposeful availment when defendant used fax, telephone, mail, email, and an interactive website to communicate with plaintiff in the forum prior to entering into a contract); *cf. Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1320 (9th Cir. 1998) (finding purposeful availment when defendant was engaged in many license agreements with multiple California companies).

Here, plaintiffs have not demonstrated that defendant Western actively sought them out for negotiations in California, or conducted negotiations with plaintiffs while physically in the forum. *See Burger King*, 471 U.S. at 479; *Roth*, 942 F.2d at 622 (noting that purposeful availment depends in part on which party initiated contact); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 816 (9th Cir. 1988) (finding contacts insufficient to constitute purposeful availment in part because the relevant contract was negotiated in England); *Novak v. NanoLogix, Inc.*, No.: 5:13–CV–01971–EJD, 2014 WL 991119, at *4 (N.D. Cal. Mar. 11, 2014) (finding no purposeful availment by an out-of-state defendant employer, where plaintiff was hired when he "pitched himself" to a representative of the employer who happened to be visiting California on other business); *cf. Van Steenwyk v. Interamerican Mgmt. Consulting Corp.*, 834 F. Supp. 336, 342 (E.D. Wash. 1993) (finding that there was purposeful availment based in part on evidence that defendant negotiated the contract with plaintiff in the forum). Indeed, plaintiffs' complaint alleges that plaintiff Cottle was the first to initiate contact with defendant. (Doc. No. 2 at 2, ¶ 8.) Without additional evidence that defendant intentionally sought out business with plaintiff in California, plaintiffs cannot meet their burden to demonstrate purposeful availment. *See Applied*

/////

11

*Underwriters, Inc. v. Combined Mgmt., Inc.*, 371 Fed. Appx. 834, 835 (9th Cir. 2010)[4] (finding that defendant's initial contact with the plaintiff through email, and their subsequent negotiations via telephone and mail, were "insufficient on their own to establish purposeful availment"); *see also Azzarello v. Navagility, LLC*, No. 08–cv–2371 MMC, 2008 WL 4614667, at *3–5 (N.D. Cal. Oct. 16, 2008) (finding that the fact that defendant solicited a contract and communicated with plaintiff in the forum state by email and telephone was not itself sufficient to establish purposeful availment).

Plaintiffs further argue that purposeful availment is satisfied here because defendant Western delivered the Aircraft to California after completing its mechanical work. Courts may consider the terms of the contract when analyzing purposeful availment, and the existence of a contract that creates substantial connections or ongoing obligations in the forum state weighs in favor of purposeful availment. *See Boschetto*, 539 F.3d at 1017–19; *Roth*, 942 F.2d at 621. However, a defendant does not purposefully avail itself of a forum simply by delivering a product into the state. *See Boschetto*, 539 F.3d at 1017 (finding no purposeful availment when an out-of-state defendant contracted to sell an automobile to plaintiff, and arranged for delivery to plaintiff in the forum state); *see also Darling v. Green*, No. ED CV 12-362 PSG (SPx), 2013 WL 12142535, at *4 (C.D. Cal. June 27, 2013) ("Defendants' conduct of entering into a contract and arranging delivery of a car to the forum state at Plaintiffs' request is merely a 'one-shot affair' that is insufficient to establish specific jurisdiction."); *Hall v. Nelson Aircraft Sales, Inc.*, No. CVF05-1529 REC LJO, 2006 WL 624907, at *4 (E.D. Cal. Mar. 9, 2006) (finding no purposeful availment when a North Dakota defendant contracted to sell an aircraft to plaintiff, and arranged for delivery of the aircraft to California). Here, plaintiffs have not presented evidence that the terms of the contract required any aspect of performance to occur in California.[5] In both its motion to dismiss and reply brief, defendant emphasizes that its employees performed all of the

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[5] At oral argument on March 7, 2017, plaintiffs' counsel also acknowledged that the contract did not require any aspect of defendant Western's performance to occur in California.

12

work under the contract in Colorado, and arranged for the Aircraft to be delivered to California merely as a "courtesy" to plaintiffs. (Doc. Nos. 6 at 12; 10 at 4.).

Based on the evidence presented by the parties, the court cannot conclude that the terms of the contract between these parties and the delivery of the Aircraft to California are sufficient to satisfy the purposeful availment requirement for specific jurisdiction. *See Boschetto*, 539 F.3d at 1017–20 (finding no purposeful availment when defendant sold plaintiff an automobile online, but did not enter into a contract with ongoing obligations or continuing commitments with plaintiff); *cf. Selhorst*, 2011 WL 4974568, at *4 (noting that courts find purposeful availment of the privilege of doing business in the forum where "the contract was not 'a one-shot deal that was merely negotiated and signed by one party in the forum,' but dependent upon further activities in the forum state") (quoting *Roth*, 942 F.2d at 622).

Finally, plaintiffs argue that specific jurisdiction is proper because defendant Western has submitted to the jurisdiction of federal courts in California as a defendant in other actions. However, the Ninth Circuit has specifically rejected this argument in other cases, holding that a "defense on the merits in a suit brought by one party cannot constitute consent to suit as a defendant brought by different parties." *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005); *see also Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 824 (D. Ariz. 2016) ("ADT Corp. does not need to show that it has a good reason for declining to consent to jurisdiction here because '[a] party's consent to jurisdiction in one case extends to that case alone.'"); *Fahmy v. Jay-Z*, No. CV 07-5715 CAS (PJWx), 2008 WL 4792383, at *4 (C.D. Cal. Oct. 29, 2008) (rejecting plaintiff's arguments that defendant waived personal jurisdiction because it had consented to the same court's exercise of personal jurisdiction in another matter). Thus, defendant's prior involvement in other litigation before federal courts in California is insufficient to establish personal jurisdiction here.

Accordingly, the court concludes that plaintiffs have not met their burden to establish purposeful availment. As such, the court must decline to exercise its jurisdiction over defendant

/////

/////

Western on plaintiffs' claims.[6]

### III. Discovery Request

In their opposition to the pending motion, plaintiffs request that the court grant limited discovery to ascertain whether the court might have specific jurisdiction over defendant in the event it finds there is insufficient factual information presently before the court. (Doc. No. 8 at 14.)

Discovery should ordinarily be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498, United Foods & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). However, "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery." *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (internal quotations omitted); *see also Boschetto*, 539 F.3d at 1020 (affirming the denial of a request for jurisdictional discovery "based on little more than a hunch that [discovery] might yield jurisdictionally relevant facts"). Thus, limited discovery should not be permitted to conduct a "fishing expedition." *Mackovich v. United States*, No. 06-cv-00422-SMS (PC), 2008 WL 2053978, *1 (E.D. Cal. May 13, 2008) (denying discovery where plaintiff made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected") (citing *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).

Here, plaintiffs have not met their burden of establishing the existence of personal jurisdiction over defendant. Moreover, plaintiffs have not explained how limited discovery would reveal additional contacts between defendant and California that would give rise to specific

---

[6] In its motion to dismiss, defendant Western also argues that this court lacks specific jurisdiction over it because plaintiffs' claims do not arise out of defendant's forum-related activities, and because the exercise of jurisdiction would be unreasonable. (Doc. No. 6 at 12–13.) Having concluded that the purposeful availment test is not satisfied and that dismissal is appropriate on that basis, the court declines to consider whether the other parts of the three-prong specific jurisdiction test are satisfied here.

14

jurisdiction.  In their opposition to the pending motion to dismiss, plaintiffs appear to request limited discovery based on a theory that such discovery may reveal additional facts supporting a relationship between defendant and California service centers listed on defendant's website.  However, as discussed above, plaintiffs have provided no evidence of an economic relationship between defendant Western and any of those service centers located in California.  Plaintiffs have therefore not established that jurisdictional discovery is justified on this basis.  *See Boschetto*, 539 F.3d at 1020 (holding that district court did not abuse its discretion in denying a request for discovery that was based on "little more than a hunch that it might yield jurisdictionally relevant facts"); *Butcher's Union Local No. 498, United Food & Commercial Workers*, 788 F.2d at 540 (holding that district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs "state only that they 'believe' that discovery will enable them to demonstrate sufficient California business contacts to establish the court's personal jurisdiction"); *see also Nimbus Data Sys., Inc. v. Modus LLC*, No. 14–cv–04192 NC, 2014 WL 7387200, at *7 (N. D. Cal. Dec. 29, 2014) (denying a request for discovery "based entirely on the speculation that discovery might reveal facts that support general jurisdiction").

## CONCLUSION

For all of the reasons stated above, the court concludes that it cannot exercise personal jurisdiction over defendant Western.  Defendant's motion to dismiss plaintiffs' complaint (Doc. No. 6) is therefore granted.  All previously scheduled dates in this action are vacated, and the clerk of the court is directed to close this case.

IT IS SO ORDERED.

Dated: __**April 17, 2017**__                              *Dale A. Drozd*
                                                                          UNITED STATES DISTRICT JUDGE

15